IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

WELLS FARGO HOME
MORTGAGE,

    Plaintiff,

v.               Case 2:13-02933-SHL-cgc

JOHN BULLOCK d/b/a
JOHN MEBRATU ABYSSINIA BEY,

    Defendant.

**ORDER DENYING MOTION FOR TIME TO ANSWER ORDER TO SHOW CAUSE**

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO REMAND, PLAINTIFF'S AMENDED MOTION TO REMAND, AND DEFENDANT'S MOTION TO CONSOLIDATE CASES**

Before the Court are Plaintiff's Motion to Remand (Docket Entry "D.E." #4), Plaintiff's Amended Motion to Remand (D.E. #5), Defendant's Motion to Consolidate Cases (D.E. #7), and Defendant's Motion for Time to Answer to Show Cause (D.E. #10).[1] For the reasons set forth herein, Defendant's Motion for Time to Answer Show Cause is DENIED, it is recommended that Plaintiff's Motion to Remand and Amended Motion to Remand be GRANTED, and it is further recommended that Defendant's Motion to Consolidate Cases be found as MOOT.

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

1

**I. Introduction**

On December 2, 2013, Wells Fargo Home Mortgage filed a Detainer Warrant in the General Sessions Court of Shelby County, Tennessee. (D.E. #1-1). On December 2, 2013, Defendant John Bullock, d/b/a John Mebratu Abyssinia Bey, who is proceeding *pro se*, filed a Notice of Removal in this Court. (D.E. #1). The Notice of Removal states that he is a resident of Shelby County, Tennessee, that the Detainer Warrant states that Wells Fargo Home Mortgage is "a foreign company with headquarters in Texas," that there is complete diversity of citizenship between Defendant and Plaintiff, that the "loan in question and in dispute herein" is in the amount of $100,000.00, that the Notice of Removal has been filed within thirty days, and that the case is thus removable pursuant to 28 U.S.C. Section 1332.

On March 17, 2014, Plaintiff filed its Motion to Remand and Amended Motion to Remand[2] and Memorandum in Support thereof (D.E. #6) pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and 28 U.S.C. Sections 1441 and 1447. Plaintiff argues that this Court lacks subject matter jurisdiction because Defendant has failed to carry his burden that diversity jurisdiction exists, that the minimum amount in controversy has not been met, and that there is no federal question jurisdiction. On March 21, 2014, Defendant filed his Motion to Consolidate Cases requesting that this case be consolidated with two other federal cases—one of which is pending in the Eastern District of New York and the other of which is pending before the Judicial Panel for Multidistrict Litigation.

On September 5, 2014, this Court entered an Order to Show Cause directing Defendant to

---

[2] Plaintiff's Motion to Remand and Amended Motion to Remand are substantially the same with amendments only to the Certificate of Service that are not at issue in the instant motions.

2

file a Response and Supporting Memorandum to Plaintiff's Motion to Remand and Amended Motion to Remand within fourteen days of the entry of that Order. The Court advised that failure to respond to those motions would be deemed good grounds for the Magistrate Judge to recommend that they be granted. On September 19, 2014, Plaintiff filed his Motion for Time to Answer Order to Show Cause stating as grounds only that he is "handing [his] own Defense."

**II. Analysis**

### A. *Motion for Time to Answer Order to Show Cause*

First, Defendant has requested an extension of time to respond to the Court's September 5, 2014 Order to Show Cause due to his status as a *pro se* litigant. Rule 6 of the Federal Rules of Civil Procedure requires that, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)-(1)(A). Defendant's motion was filed within the fourteen day time period permitted by the Order to Show Cause. However, the mere fact that Defendant has elected to represent himself does not demonstrate good cause to extend his time to respond. Defendant already failed to comply with Local Rule 7.2(a)(2) by failing to file a response within fourteen days of the filing of Plaintiff's motion which necessitated the Court's September 5, 2014 Order to Show Cause. Plaintiff has provided no basis for his requested extension other than that he is a *pro se* litigant.

While federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

"[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Thus, Defendant's *pro se* status alone is insufficient to demonstrate good cause for an extension to this Court's show cause deadline. Accordingly, as no other basis for good cause was proffered by Defendant, Defendant's Motion to Time to Answer Order to Show Cause is hereby DENIED.

### B. Plaintiff's Motion to Remand and Amended Motion to Remand

As to Plaintiff's Motion to Remand and Amended Motion to Remand, it alleges that remand is appropriate for two reasons: (1) the Defendant is a citizen of Tennessee and was sued in a Tennessee state court, thus making removal improper pursuant to 28 U.S.C. Section 1441(b)(2); (2) the Defendant has failed to carry his burden of showing that the amount in controversy exceeds $75,000.00, thus depriving this court of subject-matter jurisdiction on the basis of diversity of citizenship; and, (3) there is no subject-matter jurisdiction on the basis of a federal question.

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion that attacks jurisdiction based upon the face of the pleading requires that the court accept the non-moving party's allegation of facts as true. *DLX, Inc. v. Kentucky,* 381 F.3d 511, 516 (6th Cir.2004). A Rule 12(b)(1) motion that challenges the factual basis of the court's jurisdiction requires the party asserting jurisdiction bears the burden of establishing it. *Id.* The Court must be satisfied that the jurisdictional and standing requirements are met before addressing the substance of Plaintiff's claims on the merits. *Bell v. Hood*, 327 U.S. 678, 682 (1946).

28 U.S.C. Section 1441(b)(2) provides as follows: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Defendant has admitted in his Notice of Removal that he is a citizen of the State of Tennessee, and it is undisputed that he was sued in a state court in the State of Tennessee. *See, e.g. Wells Fargo Delaware Trust Co., N.A. v. Terry Lee*, No. 13-2708, 2014 WL 28837, at *2 (W.D.Tenn. Jan. 2, 2014) (concluding that defendant, who was Tennessee citizen seeking removal of unlawful detainer action from Tennessee state court to this Court, could not properly remove pursuant to Section 1441(b)(2) because he was a citizen of the state in which the civil action was brought). Thus, removal to this Court is not permitted by Section 1441(b)(2).

Further, even assuming, *arguendo*, that Defendant had otherwise satisfied Section 1441(b)(2)'s requirements for removal to this Court on the basis of diversity of citizenship, he has also not satisfied his burden to establish the amount-in-controversy requirement to establish diversity jurisdiction under 28 U.S.C. Section 1332. While Defendant cursorily states that the loan at issue in this case is in the amount of $100,000.00, Plaintiff has disputed this valuation and has argued that it has filed only a Detainer Warrant seeking possession of the Memphis property it purchased for $18,535.55 without seeking any monetary award.

It is the removing defendant's burden to prove that subject-matter jurisdiction exists. *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999). When determining the amount-in-controversy requirement, the amount claimed by plaintiff generally controls, *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006); however, in a suit for possession of property where no money judgment is sought, the Court will generally look to the economic value

5

of the rights the plaintiff seeks to protect, which is "most accurately reflected by the [p]roperty's fair market value," *Wells Fargo Del. Trust*, 2014 WL 28837 at *2. The removing party must meet this burden by "set[ting] forth specific facts" that the amount-in-controversy requirement is met and must demonstrate it by a preponderance of the evidence or "more likely than not" standard. *Jackson ex rel. Jackson v. Johnson & Johnson,* Inc., No. 01-2113 DA, 2001 WL 34048067, at *2 (W.D.Tenn. Apr. 3, 2001); Great *Tenn. Pizza Co. v. BellSouth Telecomm.,* Inc., No. 3:10-CV-151, 2011 WL 1636234, at *1 (E.D.Tenn. Apr. 29, 2011); Everett, 460 F.3d at 822. Defendant has not provided any evidence—or even alleged—that the that the fair market value of the Memphis property is worth more than $75,000.00. On the contrary, Defendant's purchase price of $18,535.55 indicates that the fair market value is substantially lower than the threshold for diversity jurisdiction. Accordingly, even if removal were proper pursuant to Section 1441(b)(2), removal to this Court would still be improper as Plaintiff has not met the amount-in-controversy requirement of Section 1332. Finally, it is undisputed that there is no federal question jurisdiction in the instant case. Thus, it is recommended that Plaintiff's Motion to Remand and Amended Motion to Remand be GRANTED.

### C. *Motion to Consolidate Cases*

Finally, Defendant has filed a motion to consolidate this case with two other federal cases. As it is recommended that the instant case be remanded, it is further recommended that Defendant's Motion to Consolidate Cases be found to be MOOT.

## III. Conclusion

For the reasons set forth herein, Defendant's Motion for Time to Answer Show Cause is DENIED, it is recommended that Plaintiff's Motion to Remand and Amended Motion to Remand be GRANTED, and it is further recommended that Defendant's Motion to Consolidate Cases be

found as MOOT.

**DATED** this 26th day of September, 2014.

>s/ Charmiane G. Claxton
>CHARMIANE G. CLAXTON
>UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**